IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED

6 JUN 11 PM 2:23

DONALD E. LEE,                          )

        PLAINTIFF,               )

                              )

VS.                                     )      CIVIL NO. 01-448 DRH

                              )

                              )      JURY TRIAL DEMANDED

                              )

JERRY JOSLIN, JOE HARRISON,             )

JOHN DOE, CHRIS ELLIOTT, KEVIN          )

KAKAC, DAVID FRANKLAND, KATHY           )

TWINE, ALTHEA WELSH DEFENDANT(S)        )

## Preliminary Statement

This is a civil rights action filed by Donald E. Lee, pro se, a state prisoner, for damages and injunctive relief under 42 U.S.C. §1983; 42 U.S.C. 1985, alleging violations of the Fourth Amendment rights to illegal search and seizure; Fifth Amendment violation; evidence used at trial; Sixth Amendment violation; violation of effective assistance of counsel; Fourteenth Amendment; rights to due process, and equal protection of the laws; conspiracy against persons who obstruct the due course of justice with intent to deny the equal protection of the laws or to harm a citizen for enforcing or attempting to enforce the right to equal protection.

-1-

Jurisdiction

1.   The court has jurisdiction over the plaintiffs' claims of violation of federal constitutional rights under 42 U.S.C. 1331(a) and 1343.

Parties

2.   The plaintiff, Donald E. Lee, was the defendant in 99-CF-55, regarding the related issues herein, in Wayne County, Illinois.

3.   Defendant Jerry Joslin, is the sheriff of Wayne County, Illinois.  He is sued in his individual and official capacity.

4.   Defendant Joe Harrison, is a state judge in Wayne County Illinois.  He is sued in his individual and official capacity.

5. Defendant John Doe, is the alleged confidential informant, that was used by sheriff/defendant, Jerry Joslin.  He is sued in his individual capacity.

6.   Defendant Chris Elliott, is a court-appointed attorney, *who conspired with defendant, Kevin Kakac, a state's attorney,* for Wayne County, Illinois.  He is sued in his individual and official capacity.

7.   Defendant Kevin Kakac, is the state's attorney for Wayne County, Illinois.  He is sued in his individual and official capacity.

8.   Defendant David Frankland, is a state judge.  He is sued in his individual and official capacity.

9.   Defendant Kathy Twine, is the executive director of the State of Illinois Judicial Inquiry Board.  She is sued in her individual and official capacity.

10.   Defendant Althea Welsh, is senior counsel, of the Attorney Registration and Disciplinary Commission of the Supreme Court Of Illinois.   She is sued in her individual and official capacity.

11.   All defendants have acted, and continue to act, under color of state law at all times relevant to this complaint, and/or conspired with actors clothed with the color of state law.

12.   Defendant Jerry Joslin, obtained a search warrant from defendant Joe Harrison, on, or about, April 15, 1999.   Said judge, was acting under a pecuniary interest, and possessed a deep-seated antag... to... ...tiff; moreover, was not coherent, i.e., defendant, mis-spelled his name.   Defendant armed with said search warrant, which allowed defendant to remove certain items, that were found in proximity to any controlled substance; however, defendant stated that he field tested a substance to be controlled substance; however, the state lab, stated that, it in fact was not.   Defendant removed items from plaintiff's residence that were not found in the proximity of controlled substance and subsequently used them in a criminal trial in violation of plaintiff's Fifth Amendment, on or about, August 10, 1999.   Defendant acted in bad faith from the inception, e.g., signed a sworn statement under oath, on, or about, April 16, 1999, that, there was more than 50 cannabis sativa plants; whenever, anyone could have signed the document; however, during a trial, on, or about, August 9-10, stated, I never counted the plants myself. . . I made a mistake. ...

-3-

13.   Defendant Joe Harrison, acting as judge, signed a search warrant while possessing a pecuniary interest, i.e., a 'member of his family' that, was also, in the law firm, was representing defendants in a civil law suit which plaintiff, was plaintiff. Defendant was not coherent at the time said search warrant was signed; likewise, possessed a deep-seated antagonism, i.e., had prosecuted a case against plaintiff, that, was subsequently remanded because of a alleged conflict of interest on the part of the defendant.  Defendant mis-spelled his name, i.e., placed letters inappropriately.

14.   Defendant John Doe, alleged confidential source of defendant, Jerry Joslin, acting in concert with said defendant, and under the authority of defendant, Jerry Joslin, stated, on, or about, April 15, 1999, that, plaintiff, had delivered opium from plaintiff, whenever, the state lab stated that the alleged substance was in fact not a controlled substance.

15.   Defendant Chris Elliott, court appointed attorney, admitted that he, and state's attorney, defendant, Kevin Kakac, had acquiesced in the knowledge on, or about, August 9, 1999, Plaintiff, had worked counsel's roommate's mother, and aunt of counsel, court appointed attorney; thus, denying plaintiff conflict free representation, by refusing to disclose said information to plaintiff.  Court appointed attorney, defendant Chris Elliott, admitted, on, or about, August 10, 1999, that, he was also knowledgeable, that, plaintiff, had worked his step-mother as a prostitute, the mother of two (2) of his half-brothers; this knowledge was never disclosed to plaintiff;

however, defendant Kevin Kakac, and defendant, Chris Elliott had acquiesced in the knowledge, without disclosing said information to plaintiff; thus, conspiring together to deny plaintiff conflict free representation.

16. Defendant Kevin Kakac, admitted to having acquiesced in the knowledge defendant, Chris Elliott, On, or about, August 9, 1999, was aware plaintiff had worked defendant Chris Elliott's family members as prostitutes; therefore, denying plaintiff conflict free representation. Therefore, conspiring with defendant, Chris Elliott, to deny plaintiff conflict free representation.

17. Defendant, David Frankland, on, or about August 9, and August 10, 1999, acted in concert with defendant, Chris Elliott, and defendant, Kevin Kakac, in denying plaintiff conflict free representation, by denying plaintiff substitution of counsel; thus, is liable/accountable. Likewise, defendant, David Frankland, denied plaintiff substitution of conflict free representation, on, or about, August 23, 1999; moreover, at which time, plaintiff, requested to proceed pro se alternatively; however, said defendant, in essence forcing plaintiff to submit to representation by counsel which acquiesced in knowledge plaintiff had worked members of defendant Chris Elliott's; also, had conspired with the defendant state's attorney, Kevin Kakac, in said knowledge without disclosure to plaintiff. Thus, is accountable/liable in furtherance thereof.

18. Defendant, Kathy Twine, received correspondence, dated February 1, 2000, regarding a complaint against defendant,

David Frankland.  Said complaint posed numerous issues defendant David Frankland, committed as a state judge in furtherance of the alleged conspiracy between defendant Chris Elliott, and defendant, Kevin Kakac, e.g., The Trial Judge Denied The Opportunity To Challenge My Fourth Amendment Violation, The Trial Judge Denied Me The Right To Effective Assistance Of Counsel, Was In Collusion From The Outset, The Judge Denied Me The Right To Proceed Pro se, The Judicial Inquiry Board refused to respond to a Freedom Of Information Request, received in their capacity, on, or about, March 1, 2000.  The Board, Kathy Twine, defendant, stated, May 10, 2000, "[T]he Board did not find sufficient cause to proceed with any further action. As a result, the Board has closed the files."  Thus, refusing to discipline said defendant, David Frankland, for the egregious conduct of acting in concert in furtherance of the denial of conflict free representation by defendant Chris Elliott, and defendant Kevin Kakac, for conspiring to disclose a conflict free representation.

19.  Defendant, Althea Welsh, forwarded correspondence, dated, October 7, 1999, stating, "[W]e have received your communication regarding Kevin Carroll Kakac."  Subsequently, forwarded correspondence, dated, October 13, 1999, stating, "[W]e have received your communication regarding Christopher Shawn Elliott."  Subsequently, received correspondence, dated, October 27, 1999, from Christopher Shawn Elliott, stating, "[I] discussed Mr. Lee's involvement with my relative with the State's Attorney in passing, 'to see if he' believed it to be a

-6-

conflict." (Emphasis added). Counsel, defendant, Chris Elliott, went on to elaborate about his stepmother, the mother of two (2) half-brothers. Although, defendant, was made aware by the complaint, and admission defendant, Chris Elliott, and defendant, Kevin Kakac, had acquiesced in the knowledge plaintiff had worked defendant Chris Elliott's family members, and refusal of said defendants to disclose this knowledge to plaintiff defendant, Althea Welsh, refused to discipline said defendants. A denial of plaintiff's rights to due process, and equal protection of the law.

## RELIEF SOUGHT

   WHEREFORE, plaintiff requests that the court grant the following relief:

A.   Issue a declaratory judgment stating that:

   1.   Defendant, Kathy Twine, respond to the Freedom Of Information Request, and provide requested information, state, "[D]id Hon. Joe Harrison have any involvement, e.g., report, investigate etc., the complaint: 74-CC-1 filed 1/28/74? What political party was the investigation concerning? Who was the nephew Randall S. Quindry adjudicated cases before? All information relative to 74-CC-1."

   B.   Issue an injunction ordering defendant Kathy Twine, or their agents to:

   1.   Immediately remove Hon. David Frankland, defendant, named herein for the egregious conduct stated herein, e.g., denying plaintiff his Constitutional Fourth, Fifth, Sixth, and Fourteenth Amendment. Have defendant removed from the Judicial role as a state judge.

C.   Issue an injunction ordering defendant, Althea Welsh, or their agents to:

   1.   Immediately bar/remove defendant(s), Chris Elliott,

and Kevin Kakac, from practising law. The egregious conduct of the alleged conspiracy stated herein is so nefarious, violating plaintiff's constitutional Fifth, Sixth, and Fourteenth Amendment, that justice requires said defendant(s) be denied the right to practise law.

D.  Award compensatory damages in the following amounts:

   1.  One million dollars against defendant Jerry Joslin for the claims stated herein.

   2.  One million dollars against defendant Joe Harrison, for the claims stated herein.

   3.  One million dollars against John Doe, for the claims stated herein.

   4.  One million dollars jointly and severally against defendants Chris Elliott, Kevin Kakac, David Frankland, for the conspiracy to deny plaintiff conflict free representation; the Constitutional Fourth, Fifth, Sixth, and Fourteenth Amendment contained in the complaint herein.

   5.  One million dollars against defendant, ┆ ┆ ⸺wire, for the claims contained herein.

   6.  One million dollars against defendant, Althea Welsh, for the claims contained herein.

E.  Award punitive damages in the following amounts:

   1.  Two million dollars each against defendants, Jerry Joslin, Joe Harrison, John Doe, Chris Elliott, Kevin Kakac, and David Frankland.

F.  Grant appropriate attorney fees, cost, such other relief as it may appear that plaintiff is entitled.

Dated this ⁄ℂ⎯ , day of July, 2001.


   Pursuant to 28 U.S.C. §1746, the undersigned hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Donald K. Lee
P.O. Box 609
805 W. Freeman
Carbondale, Il.
62901

-8-